UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN CABRERA | CIVIL ACTION |
| VERSUS | NO. 12-1319 |
| TOYS R US - DELAWARE | SECTION "C" (1) |

**ORDER AND REASONS**[1]

Before the Court are the parties's memoranda filed in response to the Court's Order to submit memoranda on the issue of whether the jurisdictional minimum existed at the time of removal (Rec. Docs. 4, 9, 10). Based on the memoranda of counsel, the record, and the law, the Court remands the case for the following reasons.

**I. Background**

Carolyn Cabrera ("Plaintiff") alleges that she slipped and fell at a Toys "R" Us ("Defendant") store due to a puddle on the floor. Rec. Doc. 1-1, 1. Plaintiff filed suit in Louisiana state court, alleging injuries to her neck, left shoulder, left arm, low back, and other parts of her body. Rec. Doc. 1-1, 1-2. Further, in Defendant's Request for Admission, Plaintiff

---

[1]Jason A. Danowsky, a second year student at the University of Texas School of Law, assisted in the preparation of this Order & Reasons.

1

admitted that she claims damages in excess of the jurisdictional minimum. Rec. Doc. 10-1, 19. This Court ordered parties to submit memoranda on the issue of whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 4.

**II. Jurisdictional Minimum Standard**

Subject matter jurisdiction is awarded to federal courts in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C.A. § 1332. "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). "The court's obligation to determine that the requisite jurisdictional amount is present is independent of the parties' assertions or desires." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14AA Federal Practice & Procedure 3702 (West). Here, the plaintiff bears the burden of establishing subject matter jurisdiction by showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount of $75,000. Id; *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, (1938). "[T]he plaintiff must demonstrate that there is a possibility of recovering more than the jurisdictional minimum, and must do so by a preponderance of the evidence supported by competent proof." James Wm. Moore, 15 Moore's Federal Practice § 102.107[1] (Lexis 2009).

**III. Law and Analysis**

Other district courts have held that responses to requests for admissions constitute evidence for the amount-in-controversy requirement. *See Freeman v. Witco, Corporation*, 984 F.Supp. 443, 450 (E.D.La. 1997); *Carmardelli, v. Wal-Mart Stores, Inc.*, 545 F.Supp.2d 595, 599-600 (W.D.Tex. 2008) (finding the amount-in-controversy requirement satisfied where the plaintiff denied that he would not seek more than $75,000). In those cases, the plaintiff did not claim damages in excess of the jurisdictional minimum, they merely denied that they would seek less. Yet the courts still found that the jurisdictional minimum was met.

These cases are neither binding nor persuasive. Accepting plaintiffs' admissions that they intend to seek more than the jurisdictional minimum (or, as in the cases above, deny that they don't intend to seek less than the jurisdictional minimum) would offer parties a tool to consent to subject matter jurisdiction, which is not permitted.

Plaintiff has not demonstrated that there is a possibility of recovering more than the jurisdictional minimum with evidence supported by competent proof. Plaintiff suffered no blunt trauma to her head nor loss of consciousness. Rec. Doc. 9-1, 1. She supplies evidence of only $803.00 of medical bills, and the most recent transaction was more than two months old at the filing of her memoranda. Rec. Doc. 9-1, 2-3. Plaintiff's admission and medical bills provide no competent evidence that the amount-in-controversy in the instant case has been met.

**IV. Conclusion**

This Court is not satisfied that subject matter jurisdiction existed in this case at the time of removal and that removal was proper.

Accordingly,

IT IS ORDERED that this case is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 17th day of July, 2012.

                                **HELEN G. BERRIGAN**
                                **UNITED STATES DISTRICT JUDGE**